**INQUIRY COMMISSION, Movant,**

v.

**Mark Alan FITZGERALD, Respondent.**

**No. 99–SC–371–KB.**

Supreme Court of Kentucky.

Aug. 26, 1999.

## ORDER OF TEMPORARY SUSPENSION

The Inquiry Commission, pursuant to SC 3.165(1)(a), seeks an order against Mark Alan Fitzgerald of Cynthiana, Kentucky, who was admitted to the practice of law in Kentucky on September 24, 1973, of temporary suspension from the practice of law for allegedly misappropriating funds from an estate. Fitzgerald filed a verified response which generally denies the allegations that he breached his professional duties.

Fitzgerald was nominated in the will of his stepfather, George Midden, to serve as the attorney for his estate and was later appointed to that position after the testator's death on April 27, 1997. George Midden's wife, Ruth, and his son from a previous marriage, Wayne, were appointed coexecutors of the estate.

The charges arise out of a complaint filed by a son of George Midden and witnessed by five other children that between May 13, 1997 and July 27, 1998, Fitzgerald wrote twenty-seven checks made payable to himself from the estate account of George Midden which totaled $32,889.50. It is further alleged that Fitzgerald was without legal authority to make these disbursements as he was not the executor and he did not have the power of attorney from both coexecutors to write checks.

Fitzgerald generally denies the allegations. He claims that because the entire controversy is pending in Harrison Circuit Court that this Court should stay any decision until that action is completed.

The Inquiry Commission has probable cause and reason to believe that Mark Alan Fitzgerald misappropriated funds held for others to his own use, and otherwise improperly dealt with funds held for others, pursuant to SC 3.165(1)(a), by making unauthorized payments to himself from the checking account of the Estate of George Midden.

It is therefore ORDERED that:

1) Mark Fitzgerald is temporarily suspended from the practice of law in this Commonwealth effective this date and until superseded by subsequent order.

2) Disciplinary proceedings against Fitzgerald shall be initiated by the Inquiry Commission pursuant to SC 3.160, unless already begun or unless Fitzgerald resigns under terms of disbarment.

3) Pursuant to SCR 3.165, Fitzgerald shall, within twenty days of the date of entry of this order, notify all clients in writing of his inability to continue to represent them and shall furnish copies of such letters of notice to the Director of the Kentucky Bar Association. Fitzgerald also shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged. Failure to comply with this rule shall subject Fitzgerald to a charge for all costs arising out of this proceeding.

All concur.

ENTERED: August 26, 1999.

/s/Joseph E. Lambert
CHIEF JUSTICE